936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monroe CORNISH, Defendant-Appellant.
 No. 89-5484.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1991.
Decided June 28, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CR-89-360-PN)
 Robert L. Bloom, Baltimore, Md., for appellant.
 Glenda Gay Gordon, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 DISMISSED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Monroe Cornish, a federal prisoner who was found incompetent to stand trial in the district court, appeals from the district court's denial of several oral motions Cornish made at his competency hearing. Because the orders from which Cornish appeals are interlocutory, we dismiss the appeal for lack of jurisdiction.
 
 
 2
 Counsel for Cornish filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal. Cornish filed two pro se responses to the Anders brief. Because we find that this Court does not have jurisdiction, we decline to address the merits of Cornish's claims.[1]
 
 
 3
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 4
 As the orders appealed from are not final orders, they are not appealable under 28 U.S.C. Sec. 1291. The district court has not directed entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor are any of the orders appealable under the provisions of 28 U.S.C. Sec. 1292. Finally, the order is not appealable as a collateral order under Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). All of the issues Cornish notes in his pro se filings involve the effectiveness of his trial counsel. Since Cornish has yet to be found competent to stand trial, those claims are also premature.[2]
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 We deny counsel's motion to withdraw
 
 
 [2]
 We also deny Cornish's "Emergency Request for Another Lawyer."